other two, Mr. Livingstone, the treasurer of the association, in his testimony, states the contract with Ballentine as follows: "A contract was made with J. M. Ballentine to raise her for $2,500, and deliver her at a dock in Detroit, with the understanding that he was to have the use of the tug T. F. Park, without charge or expense, and also that he was to have the use, incidentally, of any of the other tugs of the association which he might require, without charge or expense." And on his cross-examination he says: "The three tugs and the incidental help were furnished to Ballentine without charge on the part of the association. That was part and parcel of the contract." And this testimony is not in any manner contradicted, unless a contradiction may be inferred from Ballentine's testimony. But I do not think such mere inference sufficient to do away with Livingstone's positive statements. These allowances were, therefore, correct, and the exception to them is overruled. Ordered accordingly.

[NOTE. An appeal from the decree of the district court dividing the damages was taken to the circuit court, where both parties were again heard. The circuit court reversed the decree of the district court, and entered a decree for the libelant in the cross libel, and dismissed the bill in the suit instituted by the owner of the steam tug. Instead of holding that both vessels were in fault, the circuit court decided that the steam tug was wholly in fault (Case No. 13,620), and the libelant in the principal suit appealed to the supreme court. That court reversed the decree of the circuit court, and remanded the cause, with directions to enter a decree affirming the decree of the district court. 91 U. S. 208.]

## Case No. 13,622.

### The SUNNYSIDE.

[See Case No. 13,620.]

SUNOL (UNITED STATES v.). See Cases Nos. 16,419–16,421.

## Case No. 13,623.

### The SUNSHINE.

[1 Brown, Adm. 75.] [1]

District Court, N. D. Ohio. June, 1859.

TENDER—PRACTICE IN ADMIRALTY.

A tender after suit brought must include costs, though the process has not been served.

An attachment was issued against the Sunshine upon a libel filed by one Kimball. The marshal returned that the vessel could not be found in his district. Afterwards the owner came into court, tendered the amount of the debt claimed in the libel, but without costs.

Willey & Carey, for libellant.

[1] [Reported by Hon. Henry B. Brown, District Judge, and here reprinted by permission.]

Ranney, Backus & Noble, for respondent, insisted that the claimant was not bound to include costs in the tender, as there had been no arrest of the vessel.

WILLSON, District Judge. The tender should include not only the debt, but all costs incurred up to that time, notwithstanding the vessel has never been seized. The filing of the libel and the delivery of the writ to the officer is a commencement of suit which entitles the libellant to costs. Decree for libellant.

SUNSHINE, The (CROSBY v.). See Case No. 3,425.

## Case No. 13,624.

### The SUNSWICK.

[6 Ben. 112; [1] 15 Int. Rev. Rec. 154.]

District Court, E. D. New York. May, 1872.

SHIPPING — PUBLIC REGULATIONS—INSPECTION OF BOILER—INTER-STATE COMMERCE—FERRY-BOAT —BURDEN OF PROOF—JUDICIAL NOTICE.

1. A libel was filed against a ferry-boat engaged in carrying passengers and freight across the East river, from Astoria to New York City, to recover a penalty of $500 for a failure to have her boiler inspected, as required by the 11th section of the steamboat act of February 28th, 871 (16 Stat. 440). *Held*, that the court would take judicial notice that Astoria was on Long Island, whose inhabitants have commercial relations with other states of the Union, and that it is by means of the ferry-boats that such commerce is carried on.

[Cited in Re Long Island North Shore Passenger & Freight Transp. Co., 5 Fed. 604.]

2. Proof that the ferry-boat did carry the ordinary load of passengers and freight, and was held out as ready to transport on such a thoroughfare all passengers and freight that might offer, was sufficient to throw upon the claimants the burden of proving that such passengers and freight were not destined for other states.

3. In the absence of such proof, the ferry-boat must be held to be within the provisions of the steamboat act.

In admiralty.

J. J. Allen, Asst. Dist. Atty., for the United States.

Beebe, Donohue & Cooke, for claimants.

BENEDICT, District Judge. This is a proceeding in rem, in behalf of the United States, against the steamboat Sunswick, to enforce against that vessel a liability for $500, under the provisions of the act of congress entitled "An act to provide for the better security of life on board of vessels propelled in whole or in part by steam, and for other purposes," passed February 28th, 1871 (16 Stat. 440).

The charge is that the boat was engaged in navigating public navigable waters of the United States, to wit, the harbor and bay of

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]